# CITY OF CAIRO
## v.
## FREDOLINE BROSS.

JURISDICTION—VALIDITY OF STATUTE.—Where the question arises as to the validity of a special charter of a city, this court cannot take jurisdiction of the appeal, the validity of a statute being involved.

City of Cairo v. Bross.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding. Opinion filed April 7, 1881.

Messrs. GILBERT & GREEN, for appellant.

Messrs. LINEGAR & LANSDEN, for appellee.

PER CURIAM. This was a prosecution by the city of Cairo against Bross for a breach of ordinance in neglecting to procure a merchant's license. The city was formerly organized under a special charter, granted by an act of the General Assembly, passed in 1867. It is now organized under the general law, passed in 1872. The special charter conferred upon the city the power to license merchants. The general law does not confer this power, but it is urged that by Sec. 6, Art. I, all laws and parts of laws not inconsistent with the general law, are continued in force as to any city organizing under it, and thereby so much of the special charter as confers this power still exists. On the other hand, it is urged that this provision of the special charter is inconsistent with the general law, and is thereby repealed. It is apparent, therefore, that we are directly called upon to determine the validity of so much of the special charter as confers this power.

That charter is a statute. Validity, when applied to legal matters, is defined to be legal strength or force, the quality of being good in law. The Practice Act, Sec. 88, as amended by the laws of 1879, page 222, provides that cases in which the validity of a statute is involved, shall go directly to the Supreme Court. There seems to be no room for construction. Indeed, it is a rule applicable here, that "It is not permitted to interpret what has no need of interpretation. When an act is expressed in clear terms, when the same is manifest and leads to nothing absurd, there is no reason not to adopt the sense which it naturally presents. To go elsewhere in search of conflictions in order to restrain or extinguish it, is to elude it." Potter's Dwarris, 143. We have no jurisdiction, and must, therefore, on our own motion, dismiss the appeal for that reason. Wright v. People, 92 Ills. 596. Leave is given to withdraw record.

Appeal dismissed.

BAKER, J., took no part in the hearing of this case.